IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MANNING NELSON ROLLERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION H-12-1790 |
| | § | |
| CITY OF FREEPORT, TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court in the above referenced cause, alleging violation of Plaintiff Manning Nelson Rollerson's civil rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983 and seeking compensatory and punitive damages, is a motion to dismiss (instrument #8) filed by Defendants Chris Bryant and the City of Freeport, Texas.  Although represented by counsel, Plaintiff has failed to file a response.

### Allegations of the Original Complaint (#1)

On October 16, 2010 Officer Bryant, acting within the course and scope of his employment as a police officer for the City of Freeport, allegedly physically assaulted and battered Plaintiff, cutting the back of Plaintiff's neck, during his arrest for disorderly conduct, interference with the duties of a public servant, and abusive language in a public place at 905 N. Avenue J,

Apartment #2104, Freeport, Texas 77541. Officer Bryant subsequently tasered Plaintiff, caused a severe headache and pains in his chest that radiated to his back. Plaintiff was treated at the scene by Christopher P. Reel, EMT-B, of the Freeport Fire/EMS Department, who recorded his condition. Plaintiff was handcuffed and placed in a police car. Officer Bryant purportedly did not advise him of his *Miranda* rights nor the reason for his arrest. Plaintiff was transported to the Freeport Police Department Headquarters, where he was booked. Plaintiff asserts, "At all times relevant to this incident, officer Chris Bryant never observed any reasonable suspicion and never developed any probable cause that would allow him to legally seize and arrest Plaintiff.

Plaintiff charges Bryant and other unknown police officers of the Freeport Police Department with falsely detaining and arresting him, seizing him and unreasonably searching his person without a warrant or consent. Their acts were done with deliberate indifference to Plaintiff's constitutional rights and were objectively unreasonable, malicious, and/or reckless, warranting an award of punitive damages. Moreover Plaintiff claims that it was the custom and/or policy of the City of Freeport acting with deliberate indifference to fail to adequately train and supervise its police officers, as evidenced by the officers' deliberate indifference to Plaintiff's right not to be subjected to warrantless arrests and unreasonable searches and seizures. This

failure to train and supervise was a producing and a proximate cause of the alleged constitutional violations.  Moreover the City of Freeport acquiesced in and ratified the police officers' misconduct by doing nothing to discipline them.

Plaintiff also brings state-law causes of action under the Texas Civil Practice & Remedies Code Ann. § 101.021 for negligence in seizing and searching Plaintiff and using their hands, handcuffs and taser on him, causing him emotional distress, mental anguish, humiliation, embarrassment, pain and suffering, loss of appetite, and loss of sleep.  The City of Freeport and the Police Department are allegedly liable for negligently and inadequately training, supervising, and retaining Officer Bryant and other unknown police officers.

### Standard of Review

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to

dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*,556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). "'A claim has facial plausibility when the pleaded factual content allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009).   The plausibility standard is not akin to a "probability requirement," but asks for more than a "possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556.  Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'"  *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

In *Ashcroft v. Iqbal*, 129 S. Ct. at 1940, the Supreme Court, observed that "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Rule 12(b).  *Iqbal*, 129 S. Ct. at 1949.   The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549

U.S. 825 (2006).

As noted, on a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994). *See also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)("the court may consider . . . matters of which judicial notice may be taken"). Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Even if a plaintiff fails to file a response to a motion to dismiss despite a local rule's mandate that a failure to respond is a representation of nonopposition, the Fifth Circuit has rejected

-6-

the automatic granting of dispositive motions without responses without the court's considering the substance of the motion. *Watson v. United States*, 285 Fed. Appx. 140, 143 (5th Cir. 2008), *citing Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006), and *Johnson v. Louisiana*, 757 F.2d 698, 708-09 (5th Cir. 1985). "The mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice." *Id.* Instead there should be a clear record of delay or contumacious conduct and a finding that lesser sanctions would not serve the system of justice. *Id., citing Luna v. Int'l Ass'n of Machinists & Aerospace Workers Local #36*, 614 F.2d 529, 531 (5th Cir. 1980).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002), *cited for that proposition in Baisden v. I'm Ready Productions*, No. Civ. A. H-08-0451, 2008 WL 2118170, *2 (S.D. Tex. May 16, 2008). *See also ASARCO LLC v. Americas Min. Corp.*, 382 B.R. 49, 57 (S.D. Tex. 2007)("Dismissal "'can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" [citation omitted]), *reconsidered in other part*, 396 B.R. 278 (S.D. Tex. 2008).

**Relevant Law**

Title 42 U.S.C. § 1983 does not grant substantive rights, but provides a vehicle for a plaintiff to vindicate rights protected by the United States Constitution and other federal laws. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). It provides a cause of action for individuals who have been "depriv[ed] of [their] rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. *Id.*

Municipalities are "persons" within the meaning of § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). "A municipality cannot be held liable *solely* because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. Generally municipalities or local government units are not liable for the constitutional torts of their employees unless those employees act pursuant to an official action or with official approval. *Monell*, 436 U.S. at 663 n.7. (1978).

To state a claim for municipal liability under § 1983, a plaintiff must identify (a) a policy maker, (b) an official policy [or custom or widespread practice], and (c) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)(a plaintiff must show that the unconstitutional conduct is attributable to the municipality through some official custom or policy that is the "moving force" behind the constitutional

violation)(*citing Monell*, 436 U.S. at 694), *cert. denied*, 534 U.S. 820 (2001).  The Fifth Circuit has defined an official policy for purposes of § 1983 as "'[a] policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's law-making officials or by an official to whom the lawmakers have delegated policy-making authority.'" *Okon v. Harris County Hospital District*, 426 Fed. Appx. 312, 316 (5th Cir. May 23, 2011), *quoting Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984)(*en banc*), *cert. denied*, 472 U.S. 1016 (1985).[1] Alternatively, a policy may be "'a persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.'"  *Id., citing id.*, and *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 169 (5th Cir. 2010)("A pattern of conduct is necessary only when the municipal actors are *not* policymakers")[, *cert. denied*, 131 S. Ct. 3059 (2011)].  "Allegations of an isolated incident are not sufficient to show the existence of a custom or policy." *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir.

---

[1] When a policymaker commits the act at issue, that act may establish the policy if the policymaker must be "unconstrained by policies imposed from a higher authority." *Okon*, 426 Fed. Appx. at 316, *citing Hampton Co. v. Nat'l Sur. LLC v. Tunica County*, 543 F.2d 221, 227 (5th Cir. 2008).  In such a case the court must determine which official or government body has final policymaking authority for the local government unit regarding the action in dispute. *Id.*

1992).  "The governing body of the municipality or an official to whom that body has delegated policy-making authority must have actual or constructive knowledge of such a custom." *Okon*, 426 Fed. Appx. at 316, *citing Bennett*, 735 F.2d at 862.  "'Actual knowledge may be shown by such means as discussions at council meetings or receipt of written information,'" while "constructive knowledge 'may be attributed to the governing body on the ground that it would have known of the violations if it had properly exercised its responsibilities, as, for example, where the violations were so persistent and widespread that they were the subject of prolonged public discussion or of a high degree of publicity.'" *Id., citing Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984)(*en banc*), *cert. denied*, 472 U.S. 1016 (1985).  "Deliberate indifference" is a "stringent standard, requiring proof that a municipal actor disregarded a known or obvious consequence of his action," for which "[a] showing of simple or even heightened negligence will not suffice"; it requires a plaintiff to show that "'in the light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.'"  *Valle v. City of Houston*, 613 F.3d 536, 547 (5th Cir. 2010)(*quoting City of Canton*, 489 U.S. at 390), *cert. denied*, 131

S. Ct. 2094 (2011).  "Usually a plaintiff must show a pattern of similar violations, and in the case of an excessive force claim . . . the prior act must have involved injury to a third party." *Id.; Rodriguez v. Avita*, 871 F.2d 552, 554-55 (5th Cir. 1959).  "[A] single incident of an alleged constitutional violation resulting from the policy may serve as a basis for liability so long as that violation was an obvious consequence of the policy. . . . [A[ pattern of misconduct is not required to establish obviousness or notice to the policymaker of the likely consequences of his decision." *Brown v. Bryan County, OK.*, 219 F.3d 450, 460 (5th Cir. 2000), *citing City of Canton*, 489 U.S. at 396 ("Where a section 1983 plaintiff can establish that the facts available to city policymakers put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of constitutional rights of their citizens, the dictates of *Monell* are satisfied.").

A plaintiff may not obtain punitive damages in a suit under § 1983 from a municipality, but may in a suit against an official in his personal capacity.  *Kentucky v. Graham*, 473 159, 167 n.13 (1985), *citing Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), and *Smith v. Wade*, 461 U.S. 30 (1983).

Plaintiff claims that the City of Freeport is liable for inadequate police training and supervision.  "[T]here are limited circumstances in which an allegation of failure to train amounts to

deliberate indifference to the rights of persons with whom the police come in contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 387 (1989).  Such deliberate indifference for a failure to train requires the plaintiff to prove that the city policymaker disregarded "'known or obvious consequence of his action,' and that a particular omission in their training program would cause city employees to violate citizens' constitutional rights." *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011).  "[W]hen city policy makers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens rights, the city may be deemed deliberately indifferent if the policy makers choose to retain that program.  The city's 'policy of inaction' in light of notice that its program will cause constitutional violation 'is the functional equivalent of a decision by the city itself to violate the Constitution.'" *Id*. at 1360, *citing Canton*, 489 U.S. at 395.  Moreover municipal liability can only be imposed "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts injury. . . ." *Monell,* 436 U.S. at 694.  To prevail on a failure to train claim under § 1983, the plaintiff must show specific inadequacies within the training program and that the inadequate training represents city policy.  *Id*.  "[I]t may happen that in light of the duties assigned to specific officers or employees the

-12-

need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id.* A municipality may be liable for the failure of a policymaker to take precautions to prevent harm, provided that the omission is an intentional choice and not merely a negligent oversight. *Id.* Negligent training will not support a § 1983 claim against a municipality; nor is it sufficient to show that "injury or accident could have been avoided if an officer had better or more training." *Id.* Moreover the plaintiff must demonstrate that "the identified deficiency in a city's training program must be closely related to the ultimate injury." *Id.*

Qualified immunity, an affirmative defense, protects government officials in their personal capacity performing discretionary functions not only from suit, but from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Pearson v. Callahan*, 555 U.S. 223, ___, 129 S. Ct. 808, 815 (2009). Thus the Court examines whether the "officer's conduct violated a constitutional right," as well as "whether the right was clearly established" at the time of the conduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Either prong

-13-

may be addressed first. *Pearson*, 129 S. Ct. at 808. A right is clearly established when "the contours of the right [are] sufficiently clear [such] that a reasonable official would understand that what he is doing violated that right." *Werneck v. Garcia*, 591 F.2d 386, 392 (5th Cir. 2009)(citations omitted). *See also Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007)(the court applies an objective standard "based on the viewpoint of a reasonable official in light of the information available to the defendant and the law that was clearly established at the time of defendant's actions."). To be clearly established, "'[t]he contours of the right must be sufficiently clear that a reasonable official would understand what he is doing violates that right.'" *Kinney v. Weaver*, 367 F.3d 337, 349-50 (5th Cir. 2004), *quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "The 'clearly established' standard does not mean that official's conduct is protected by qualified immunity unless 'the very action in question has previously been held unlawful.'" *Id.* at 350, *quoting Anderson*, 483 U.S. at 640. "Where no controlling authority specifically prohibits a defendant's conduct, and when the federal circuit courts are split on the issue, the law cannot be said to be clearly established." *Morgan v. Swanson*, 659 F.3d 359, 372 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 2740 (2012). Officials who act reasonably but mistakenly are entitled to qualified immunity; the defense protects all government employees but "the plainly incompetent or

-14-

those who knowingly violate the law." *Anderson*, 483 U.S. at 641; *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "[A] defendant's acts are held to be objectively reasonable unless *all* reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution or the federal statute as alleged by the plaintiff." *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir. 2001). The officer is "entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions," even if the conduct violated the plaintiff's constitutional right. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)(*en banc*).

Although qualified immunity is an affirmative defense, "plaintiff has the burden to negate the assertion of qualified immunity once properly raised." *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009). To meet this burden the plaintiff must allege facts showing that the defendants committed a constitutional violation under the current law and that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the challenged actions. *Atteberry v. Nocona General Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005).

In *Elliott v. Perez*, 751 F.2d 1472, 1473 (5th Cir. 1985), the Fifth Circuit held that when defendant-official raises a qualified

immunity defense in his individual capacity, a heightened pleading standard must be met by Plaintiff to show with factual detail and particularity why the defendant official cannot maintain the qualified immunity defense. The Fifth Circuit subsequently decided not to apply *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993)(striking down the heightened pleading requirements in § 1983 actions against municipalities) to claims against individual government officials in their individual capacities, regarding which "we are still bound by *Elliott* and its progeny." *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994). In *Schultea v. Wood*, 47 F.3d 1427, 1429-34 (5th Cir. 1995)(*en banc*), discussing development of the qualified immunity defense and pleading rules, the Fifth Circuit further opined, "When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or its own, require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations. A defendant has an incentive to plead his defense with some particularity because it has the practical effect of requiring particularity in the reply." *See also Floyd v. City of Kenner, La.*, 351 Fed. Appx. 890, 893 & n.2 (5th Cir. 2009); *Babb v. Dorman*, 33 F.3d at 477 (when a qualified immunity defense is raised, "the complaint must state with factual detail and particularity the basis for the claim which

necessarily includes why the defendant-official cannot successfully maintain the defense of immunity.").

In *Morgan v. Hubert*, 335 Fed. Appx. 466, 472-73 (5th Cir. 2009), the Fifth Circuit reviewed *Schultea*'s standard (requiring plaintiff to support a "claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's contact at the time of the alleged acts"). The panel pointed to the reasoning in *Schultea* in requiring a heightened pleading standard in the face of a defendant's assertion of qualified immunity:

> We did not ground any such requirement in Rule 9(b), but nevertheless required a plaintiff to plead more than conclusions. Specifically, we reasoned that "a plaintiff cannot be allowed to rest on general characterizations, but must speak to the factual particulars of the alleged actions, *at least when those facts are known to the plaintiff and are not peculiarly within the knowledge of defendants* [emphasis added by *Morgan* panel]." "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999).

*Morgan*, 335 Fed. Appx. at 469-70, *citing Schultea*, 47 F.3d at 1432-34. The panel emphasized that "the issue should be resolved as early as possible" because "the protection afforded by qualified immunity applies to the lawsuit itself and not merely to liability." *Id.* at 473.

A denial of qualified immunity at the motion to dismiss stage, to the extent that it turns on a matter of law, is an appealable final decision under 28 U.S.C. § 1291 because qualified immunity is

-17-

immunity from suit and, necessarily, shields the official from the burdens of discovery. *Ashcroft v.* Iqbal, 129 S. Ct. at 1946.; *Porter v. Valdez*, 424 Fed. Appx. 382, 385 (5th Cir. 2011), *citing Hill v. City of Seven Points*, No. 00-41436, 2002 WL 243261, *4 (5th Cir. Jan. 17, 2002)("Such appellate review is premised upon the reality that, in some instances, if an order is not reviewed before the issuance of a final judgment, the practicality of reviewing that order is lost.").

To prevail on a § 1983 excessive force claim under the Fourth Amendment, a plaintiff must show (1) that he was seized,[2] (2) that he suffered an injury, (3) which "resulted directly and only from the use of force that was excessive to the need, and that (4) the force used was objectively unreasonable." *Flores v. Palacios*, 391 F.3d 391, 396 (5th Cir. 2004). To decide whether the seizure was objectively reasonable, the court must ask if the totality of the circumstances justified that kind of search or seizure. *Id., citing Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985). The objective reasonableness of the force used requires the court to balance the amount of force used against the need for that force. *Id.* at 399. The injury must "be more than a *de minimis* injury and must be evaluated in the context in which the force was deployed." *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001). *See, e.g.,*

---

[2] Seizure may be shown "by means of physical force or show of authority" when the officer has "in some way restrained the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968).

*Tarver v. City of Edna*, 410 F.3d 745, 751-52 (5th Cir. 2005)(finding plaintiff failed to show requisite injury because he did "not allege any degree of physical harm greater than *de minimis* from the handcuffing"); *Glenn v. City of Tyler*, 22 F.3d 307, 315 (5th Cir. 2001)(concluding that "handcuffing too tightly, without more, does not amount to excessive force").  Only substantial psychological injuries are sufficient to meet the injury element of a claim for excessive force under the Fourth Amendment.  *Flores*, 381 F.3d at 397-98.

Excessive force claims are subject to dismissal, however, if the plaintiff is convicted of assaulting the police officer during his arrest.  *Buckenberger v. Reed*, 342 Fed. Appx. 58, 64 (5th Cir. 2009), *citing Hudson v. Hughes*, 98 F.3d 868 (5th Cir. 1996)(self defense is a justification defense to the crime of battery of a police officer).  Because permitting such a claim would necessarily imply the invalidity of Plaintiff's conviction, where Plaintiff's conviction was for resisting arrest or assault and battery against the arresting officer, the excessive force claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)(where a prisoner's success in his § 1983 claim would implicitly question the validity of the prisoner's conviction, the litigant must first make a showing of favorable termination, i.e., that his conviction was reversed on direct appeal, expunged by an executive order, invalidated by other state means, or called into question by issuance of a federal

*habeas* writ). *Id.* at 486-87; *Penley v. Collin County, Tex.*, 446 F.3d 572, 573 (5th Cir. 2006), *cert. denied*, 549 U.S. 883 (2006). The Fifth Circuit has held that *Heck v. Humphrey* barred excessive force claims where the plaintiff's conviction was for resisting arrest or aggravated assault or battery against the arresting officer. *See Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996); *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir.), *cert. denied*, 531 U.S. 959 (2000). Here, it is not clear exactly what the offense to which Plaintiff pled guilty, "interference with Public Duties," entails, and the Court has no copy of the information or indictment or transcript of the guilty plea hearing from which to determine the elements of that offense, but on repleading the parties must clarify them.

Regarding a false arrest claim,[3] "a police officer must make a determination of probable cause before he causes any significant pretrial restraint of liberty." *Martin v. Thomas*, 973 F.2d 449, 453 (5th Cir, 1992). Probable cause exists when the facts within the officer's knowledge and the facts of which he has reasonably reliable information would be sufficient to believe that the suspect was committing or had committed an offense. *United States*

---

[3] Under Texas law for a claim of false imprisonment a plaintiff must show "(1) willful detention, (2) without consent, and (3) without authority of law." *Davila v. U.S.*, ___ F.3d ___, 2012 WL 1337387, *10 (5th Cir. Apr. 3, 2012), *quoting Martinez v. English*, 267 S.W. 3d 521, 529 (Tex. App.--Austin 2008)(*citing Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W. 502, 506 (Tex. 2002)).

*v. Morris*, 477 F.2d 657, 663 (5th Cir. 1973); *Beck v. Ohio*, 379 U.S. 89, 91 (1964). *See also Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655-56 (5th Cir. 2004)("Probable cause exists when the totality to the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect has committed or was committing an offense."). In deciding whether probable cause exists, police officers are not required to be perfect, nor do they have to err on the side of caution "out of fear of being sued." *Martin*, 973 F.2d at 453. The Fifth Circuit, *id.*, quoted *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964),

> "Whether an arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it--whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense."

A claim for false arrest does not depend upon the validity of each individual charge, but on the validity of the arrest as a whole; if there is probable cause for any of the charges made, the arrest is supported by probable cause and the claim for false arrest fails. *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995).

If the officer's determination is reasonable under the circumstances, he may be protected by qualified immunity. *Martin*, 973 F.2d at 453. If the officer raises a qualified immunity defense, "the plaintiff must show that the officers could not have

reasonably believed that they had probable cause to arrest the plaintiff for any crime." *Good v. Curtis*, 601 F.3d 393, 401 (5th Cir. 2010). "[L]aw enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to [qualified] immunity." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 206 (5th Cir. 2009).

False arrest, false imprisonment, and illegal search claims may be barred by *Heck v. Humphrey* if Plaintiff was convicted and not had that conviction reversed on appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Tyler v. Cedar Hill I.S.D.*, No. 3-09-CV-2469, 2010 WL 1233455, *2 (N.D. Tex. Mar. 3, 2010), *adopted*, 2010 WL 1233413 (Mar. 29, 2010). Here Plaintiff has failed to show and cannot show that his conviction, based on his guilty plea, was reversed on appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court and thus his false arrest and false imprisonment claims are barred by *Heck v. Humphrey*.

The elements of assault are the same in a criminal or civil matter. To establish a claim for assault, a plaintiff must show that the defendant (1) intentionally, knowingly, or recklessly caused him bodily injury, (2) intentionally or knowingly threatened him with imminent bodily injury, or (3) intentionally or knowingly caused physical contact with him when the defendant knew or should have reasonably believed that he would regard the contact as

offensive or provocative.  *Cox v. Waste Management of Texas, Inc.*,
300 S.W. 3d 424, 439 (Tex. App.--Fort Worth 2009), *citing* Tex.
Penal Code Ann. § 22.01 (Vernon Supp. 2009).  "Although trivial,
everyday physical contacts do not necessarily result in a battery,
'offensive contacts, or those which are contrary to all good
manners, need not be tolerated.'   Hence '[t]aking indecent
liberties with a person is of course a battery.'"  *Waffle House,
Inc. v. Williams*, 313 S.W. 3d 796, 802-03 & nn. 15 and 16 (Tex.
2010), *citing* W. Page Keeton, *et al.*, *Prosser and Keeton on the Law
of Torts* 42 (5th ed. 1984).

The Texas Tort Claims Act, Texas Civil Practice & Remedies
Code Ann. § 101.021, provides a limited waiver of immunity for
certain suits against governmental entities.   A city is a
governmental unit as defined by § 101.001(3) of the Texas Tort
Claims Act.   Plaintiff sues the City of Freeport for negligence
under § 101.021, which provides in relevant part,

A governmental unit in the state is liable for:

(1)  property damage, personal injury, and death
proximately caused by the wrongful act or omission or the
negligence of an employee acting within his scope of
employment if: . . . .

(B) the employee would be personally liable to
the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or
use of tangible person or real property if the
governmental unit, were it a private person, be liable to
the claimant according to Texas law.

Handcuffs and a taser are tangible personal property that may be

negligently misused and cause injury during an arrest.  *See, e.g.,*
*City of Watauga v. Gordon*, 389 S.W. 3d 604, 605 (Tex. App.--Fort
Worth 2012); *City of Waco v. Williams*, 209 S.W. 3d 216, 229 and n.2
(Tex. App.--Waco 2006).  "Section 101.021(2) requires that for
immunity to be waived, personal injury or death must be proximately
caused by the condition or use of tangible property."  *Dallas
County Mental Health & Mental Retardation v. Bossley*, 968 S.W. 2d
339, 343 (Tex.), *cert. denied*, 525 U.S. 1017 (1998).  The Act, *id.*
at § 101.057(2), however, does not waive immunity for intentional
torts such as assault, battery, and false imprisonment.  *See, e.g.,*
*Texas Dept. of Public Safety v. Petta*, 44 S.W. 3d 575, 580 (Tex.
2001); *City of Watauga v. Gordon*, 389 S.W. 3d 604, 606 (Tex. App.--
Fort Worth 2012), *pet. for review filed* (Jan. 7, 2013).  Thus if
the officers intentionally used the handcuffs and taser on
Plaintiff, their conduct would fall within the exception to the
limited waiver of immunity for an intentional tort.  *Watauga*, 389
S.W. 3d at 607-08; *Jones v. Tex. Dept. of Crim. Justice-
Institutional Div.*, 318 S.W. 3d 398, 404 (Tex. App.--Waco 2010);
*City of Waco v. Williams*, 209 S.W. 3d 216, 230-31 (Tex. App.--Waco
2006).  Also if their use was intentional, the City of Freeport
would have governmental immunity.  Under Texas law, even when a
claim is framed in negligence, when the facts alleged in essence
present an intentional tort, the claim does not waive sovereign
immunity under the Tort Claims Act.  *Cameron County v.* Ortega, 291

S.W. 3d 495, 498 (Tex. App.--Corpus Christi 2009), *citing Tex. Dep't of Pub. Safety v. Petta*, 44 S.W. 3d 575, 580 (Tex. 2001)(concluding that the plaintiff's negligence claims were the same as the conduct she asserted in her claim for assault and thus she failed to prove waiver); *Pineda v. City of Houston*, 175 S.W. 3d 276, 282-83 (Tex. App.--Houston [1st Dist.] 2004, no pet.)(negligence claim that the officers failed to use reasonable care when using pistols failed because it focused on the shooting of the plaintiff, which was an intentional tort); *City of Laredo v. Nuno*, 94 S.W. 3d 786, 789 (Tex. App.--San Antonio 2002, no pet.)(a plaintiff cannot circumvent the intentional nature of his claim by calling the action negligent); *Morgan v. City of Alvin*, 175 S.W. 3d 408, 418-19 (Tex. App.--Houston [1st Dist.] 2004)(plaintiff attempted to recharacterize officer's conduct in grabbing him, handcuffing him and throwing him into the car as negligence (which was the basis of his assault claim) by claiming that the officer breached his duty to perform official functions without injuring others and used unnecessary force in the arrest). Here it appears that Plaintiff is alleging intentional use. If so, his claim against the City of Freeport under state law is barred by immunity.

A Texas government employee is entitled to official immunity from suit if his alleged negligent act occurs during the performance of a discretionary duty that is within the scope of his authority and he acts in good faith. *Telthorster v. Tennell*, 92

S.W. 3d 457, 461 (Tex. 2002), *citing City of Lancaster v. Chambers*, 883 S.W. 2d 650, 653 (Tex. 1994). Good faith is assessed upon objective legal reasonableness, not the employee's subjective state of mind. *Wadewitz v. Montgomery*, 951 S.W. 2d 464, 466 (Tex. 1994). "[G]ood faith depends on how a reasonably prudent office could have assessed both the *need* to which an officer responds and the *risks* of the officer's course of action, based on the officer's perception of the facts at the time of the event." *Id.* at 467. The court considers factors such as the seriousness of the crime to which the officer responds, whether his immediate presence is necessary to prevent injury or death or to apprehend a suspect, and alternative courses of action, if any, to achieve a comparable result, the nature and severity of harm the officer's actions could cause, the likelihood that harm would occur, and whether the risk of harm would be clear to a reasonably prudent officer. *Id.* Charging and arresting a person are discretionary acts. *See, e.g., City of Lancaster v. Chambers*, 883 S.W. 2d 650, 654 (Tex. 1994); *Kistner v. Pfannstiel*, 107 S.W. 2d 7, 11 (Tex. App.--San Antonio 2002). A defendant shows good faith if he proves that a reasonably prudent government official, under the same or similar circumstances, could have believed that his actions were justified. *Kistner*, 107 S.W. 2d at 11.

Moreover under § 101.106(a) of the Texas Civil Practice & Remedies Code, "[t]he filing of a suit under this chapter against

-26-

a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." "The Texas Tort Claims Act's election scheme is intended to protect governmental employees by favoring their early dismissal when a claim regarding the same subject matter is also made against the governmental employer." *Mission Consol. I.S.D. v. Garcia*, 253 S.W. 3d 653, 657 (Tex. 2008)("Under the Tort Claims Act's election scheme, recovery against an individual employee is barred and may be sought against the governmental unit only in three instances: (1) when suit is filed against the governmental unit only, § 101.106(a); (2) when suit is filed against both the governmental unit and its employee, § 101.106(e); or (3) when suit is filed against an employee whose conduct was within the scope of his or her employment and the suit could have been brought against the governmental unit, § 101.106(f)."). "When suit is filed against the employee, recovery against the governmental unit regarding the same subject matter is barred unless the governmental unit consents to suit." *Id., citing* § 101.106(b). Plaintiff has not shown that the City of Freeport consented to suit. Under current pleadings any claims under the Texas Tort Claims Act against Bryant and other unknown police officers should be dismissed.

**Defendants' Motion to Dismiss (#8)**

-27-

Defendants the City of Freeport and Bryant list a number of bases for dismissal.

First the claims against Sergeant Chris Bryant, a police officer, in his official capacity are duplicative of Plaintiff's claims against the City of Freeport and therefore should be dismissed. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). The Court agrees. A suit against a government agent or officer in his official capacity is a suit against the office he holds, i.e., the entity that employs him, and not against the employee. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' . . . It is *not* a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself."), *citing Monell*, 436 U.S. at 690 n.55. "There is no longer a need to bring official-capacity actions against local government officials, for under *Monell,* . . . local government units can be sued directly for damages and injunctive or declaratory relief." *Id.* at 167 n.14, *citing Memphis Police Dept. v. Garner*, 471 U.S. 1 (1985).

-28-

Second, the Freeport Police Department is a department of the City of Freeport and lacks the capacity to be sued apart from the City of Freeport, so the claims against the Freeport Police Department fail. Here, too, the Court agrees. Municipal police departments have no separate identity from the cities of which they are a part and have no separate jural existence. *Darby v. City of Pasadena*, 939 F.2d 311, 313 (5th Cir. 1991)("The capacity of an entity to sue and be sued 'shall be determined by the law of the state in which the district court is held.' Fed. R. Ci. P. 17(b). . . . The Texas Code  grants all authority to organize a police force to the city itself, see Tex. Local Gov't Code Ann. § 341.003 . . . ."). Without authorization from the municipality that the police department can sue and be sued, a plaintiff cannot proceed against the police department alone. *Id.* In *Thomas-Melton v. Dallas County Sheriff's Department*, 39 F.3d 320 (Table), No. 94-10049, 1994 WL 612546, *2 (5th Cir. Oct. 25, 1994), the Fifth Circuit opined,"Because the plaintiff in *Darby* failed to show that the police department 'has been granted the capacity 'to sue or be sued,' we found that the police department was not a suable entity." *Id.*, *citing Darby* at 313 n.1. Plaintiff here has not alleged, no less shown or cited authority supporting a claim, that the police department has such authority from the City of Freeport. *See also Crull v. City of New Braunfels, Texas*, 265 Fed. Appx. 338, 341 (5th Cir. Feb. 25, 2008); *Alcala v. Dallas County Sheriff's*

*Dept.*, 988 F.2d 1210 (Table), No. 92-1853, 1993 WL 82042, *1 (5th Cir. March 12, 1993); *Jefferson v. Grayson County*, No. 4:11CV143, 2012 WL 1564771, *3 (E.D. Tex. May 2, 2012).

Third, because of his criminal conviction, Plaintiff's claim of unlawful arrest under the Fourth Amendment is barred by the favorable termination doctrine established in *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court has already discussed this law (see pp. 19-22 of this Opinion and Order) and agrees with Defendants. Defendants have attached as Exhibit A to their motion a copy of the Judgment and Immediate Sentence imposed by County Court at Law #3 and Probate Court in Brazoria County, Texas showing that Manning Nelson Rollerson was convicted based on a guilty plea to Interfering with Public Duties on October 16, 2010, sentenced to three days in jail, a fine of $300, and all costs of court. Because Plaintiff has not and cannot show that the criminal charges against him have been terminated in his favor, his claim of false arrest without probable cause must be dismissed.

Fourth, the Fifth Amendment does not apply against the City or Bryant because they are state officials, not federal officials. As a matter of law, this Court agrees. *Jones v. City of* Jackson, 203 F.3d 875, 880 (5th Cir. 2000)("The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor."), *citing Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996); *Shearer v. Bowen*, 216 F.3d 1080 (Table), No. 98-30357, 2000

WL 729334, *6 (5ᵗʰ Cir. May 18, 2000); *Wakat v. Montgomery County*, 471 F. Supp.2d 759, 766 (S.D. Tex. 2007).

Next, Plaintiff fails to allege facts to support his claim of denial of due process under the Fourteenth Amendment.   The substantive component of due process under the Fourteenth Amendment "protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'" *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992). "[T]o state a viable substantive due process claim, a plaintiff must show that the state official acted with culpability beyond mere negligence." *McClendon v. City of Columbia*, 305 F.3d 314, 325 (5ᵗʰ Cir. 2002)(*en banc*).   The plaintiff must allege conduct that "shocks the conscience." *Id.   See also Morris v. Dearborne*, 181 F.3d 657 (5ᵗʰ Cir. 1999)(plaintiff must show that his "substantive due process right was violated by abusive, irrational or malicious abuse of government power that shocks the conscience.").   "Only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).   The Court agrees with Defendants that Plaintiff's complaint fails to allege facts that would support a substantive due process claim under the Fourteenth Amendment and 42 U.S.C. § 1983.   Furthermore a police officer is entitled to qualified immunity under § 1983 even if his conduct violates a constitutional right if his conduct was

-31-

objectively reasonable in light of the legal rules clearly established at the time the action was taken. *Sala v. Carpenter*, 980 F.2d 299, 310 (5ᵗʰ Cir. 1992). Thus Plaintiff must also plead facts that negate the qualified immunity defense raised by Bryant in his individual capacity. Thus the Court agrees with Defendants that Plaintiff has failed to adequately state a substantive due process claim under the Fourteenth Amendment.

Sixth, the Court agrees that as a matter of law Plaintiff's claim of excessive force by the police officers in his initial detention is not cognizable under the Fourteenth Amendment, but must be brought under the Fourth Amendment, and Plaintiff must address its reasonableness standard. *Graham v. Conner*, 490 U.S. 386, 395 (1989); *Davila v. U.S.*, ___ F.3d ___, 2013 WL 1337387, *8 (5ᵗʰ Cir. Apr. 3, 2012), *citing Flores*, 381 F.3d at 396. Furthermore "'Fourth Amendment jurisprudence has long recognized that the right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.' Officers are 'authorized to take such steps as [are] reasonably necessary to protect their personal safety and to maintain the status quo during the course of the stop.'" *Davila*, 2013 WL 1337387, *8, *quoting Graham*, 490 U.S. at 396, and *U.S. v. Hensley*, 469 U.S. 221, 235 (1985). Officers may be justified in handcuffing a suspect if they believed he might be dangerous or flee or resist arrest. *Davila*, 2013 WL 1337387, at *8, *citing U.S.*

*v. Sanders*, 994 F.2d 200, 208 (5th Cir. 1993).  Plaintiff must plead facts and law to support his excessive force claim and to negate Bryant's qualified immunity defense.

In addition, as a matter of law the Court agrees with Defendants' seventh contention that Plaintiff's claim of unlawful arrest is also not cognizable under the Fourteenth Amendment. *Albright v. Oliver*, 510 U.S. 266, 275 (1994).  "In order to prevail in a § 1983 claim for false arrest, a plaintiff must show that he was arrested without probable cause in violation of the Fourth Amendment."  *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007), *cert. denied*, 555 U.S. 813 (2008).  *See* pp. 20-22 of this Opinion and Order.  Regardless, under *Heck v. Humphrey*, Plaintiff's still standing conviction undermines his unlawful arrest claim.

Eighth, the Court agrees with Defendants that Plaintiff fails to state facts to support his claim that the City of Freeport committed a constitutional violation because he has failed to (1) identify a policy or custom of the City of Freeport with deliberate indifference to fail to adequately train and supervise its police officers; (2) connect that policy or custom to the City of Freeport, and (3) show a specific constitutional injury suffered because of the execution of that policy or custom.  First, Plaintiff has failed to allege facts demonstrating that he was deprived by the City of Freeport through actions of police Defendants of any right, privilege or immunity protected by the

Constitution or the laws of the United States. Without such a deprivation, it is irrelevant whether a City's custom or policy authorized the challenged conduct of the police. Second Plaintiff has failed to show how the City of Freeport's particular training program was defective. *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005)("[F]or liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular program is defective."). Plaintiff has not identified any deficiencies in the training program of the City of Freeport, no less that he suffered an injury directly resulting from a municipal custom or policy. Nor has he shown that his alleged injury was not an isolated incident. "Isolated violations are not the persistent, often repeated, constant violations that constitute custom and policy as required for municipal section 1983 liability." *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984)(*citing Berry v. McLemore*, 670 F.2d 30, 32 (5th Cir. 1982)(holding that single, improper arrest is not the kind of systematic, municipally supported abuse that constitutes a custom)), *cert. denied*, 472 U.S. 1016 (1985). Plaintiff must also allege facts demonstrating deliberate indifference of a policy-making official, i.e., facts showing that the official had actual or constructive knowledge of the unconstitutional custom or policy and did nothing about it. He also has not shown that his constitutional rights, of which he

claims he was deprived, were clearly established at the time of his detention and arrest, and if they were, that the Defendants' conduct was objectively unreasonable in the light of that clearly established law. *Felton v. Polles*, 315 F.3d 470, 477 (5th Cir. 2001). He must also show that the municipal policy or custom was the moving force behind his alleged constitutional injury. See generally pp. 8-13 of this Opinion and Order.

Defendants' ninth objection is also well founded. Plaintiff fails to allege facts that show Bryant is not entitled to qualified immunity from the claims asserted against him in his individual capacity. See pp. 13-18 of this Opinion and Order.

Tenth, Plaintiff argues that the claims against Bryant under Texas law are barred by official immunity. See pp. 26-27 of this Opinion and Order. The Court agrees that Plaintiff must plead facts demonstrating that Bryant and any other City employee Defendants invovled acted in bad faith in detaining and arresting him or their state-law claims are barred by official immunity under Texas law.

Last, Plaintiff fails to allege facts to show that the claims against the City of Freeport are not barred by governmental immunity. The Court agrees with Defendants that Plaintiff's intentional tort claims fall into the exception to the limited waiver of liability under § 101.057 of the Texas Tort Claims Act. See pp. 24-26 of this Opinion and Order.

-35-

Moreover, although not addressed by Defendants, the Court notes that Plaintiff complains that the police did not read him his *Miranda* rights.  "The reading of *Miranda* warnings is a procedural safeguard rather than a right arising out of the fifth amendment." *Warren v. City of Lincoln Neb.*, 864 F.2d 1436, 1442 (8th Cir. 1989), *citing Miranda v. Arizona*, 384 U.S. 436, 467 (1966).  Therefore "the remedy for a *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a section 1983 action." *Id., citing Bennet v. Passic*, 545 F.2d 1260, 1263 (10th Cir. 1976)("The Constitution and the laws of the United States do not guarantee [plaintiff] the right to Miranda warnings.  They only guarantee him the right to be free from self-incrimination. . . . No rational argument can be made in support of the notion that the failure to give Miranda warnings subjects a police officer to liability under the Civil Rights Act."); *Thornton v. Buchmann*, 392 F.2d 870, 874 (7th Cir. 1968).  *See also Guiffre v. Bissell*, 31 F.3d 1241, 1256 (3d Cir. 1994)("[V]iolations of the prophylactic *Miranda* procedures do not amount to violations of the Constitution itself.")(*citing Warren*). Subsequently after the issuance of *Warren* by the Eight Circuit, in *Dickerson v. U.S.*, 530 U.S. 428, 444 (2000), the Supreme Court clarified that *Miranda* announced a "constitutional rule," but it "did not undermine the continuing validity of the Court's precedent that the *Miranda* procedural safeguards are 'not themselves rights protected by the

-36-

Constitution,' but instead 'measures to insure that the right against compulsory self-incrimination [is] protected.'" *Hannon v. Sanner*, 441 F.3d 635, 636-38 (8th Cir. 2006)("The Court defined *Miranda* as a 'constitutional decision" announcing a 'constitutional rule,' but never described *Miranda* safeguards as a 'constitutional right' equivalent to the Fifth Amendment itself."), *quoting Michigan v. Tucker*, 417 U.S. 433, 444 (1974), and *citing Chavez v. Martinez*, 538 U.S. 760, 772 and 790 (2003) in which [a] four-Justice plurality . . . concluded that a police officer's 'failure to read *Miranda* warnings to Martinez did not violate Martinez's constitutional rights and cannot be grounds for a § 1983 action,' and a fifth Justice explained that '[t]he exclusion of unwarned statements, when not within an exception [to the *Miranda* rule], is a complete and sufficient remedy.'"). *See also U.S. v. Patane*, 542 U.S. 630, 640 (2004)(*Miranda* rule is a prophylactic rule to protect the Fifth Amendment privilege against compelled self-incrimination); *Dickerson* 530 U.S. at 438 & n.2 (*Miranda* a prophylactic rule). *See also Hernandez v. Metro Transit Auth.*, 226 F.3d 643 (Table), No. 00-20006, 2000 WL 1029143 (5th Cir. July 12, 2000)(affirming district court's summary judgment in favor of defendants on claim that they failed to read Appellant his *Miranda* rights and *citing Warren*, and *Jones v. Cannon*, 174 F.3d 1271, 1291 (11th Cir. 1999). To the extent that Plaintiff's Fifth Amendment claims might be based on assertions of self incrimination, *Heck v.*

*Humphrey* bars their review.  512 U.S. at 487.  Thus the *Miranda* claim must be dismissed with prejudice.

**ORDER**

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice.  *Great Plains Trust Co v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)("District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004)("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion. [citations omitted]").  The court should deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ."  6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Proc.* § 1487 (2d ed. 1990).

Because as a matter of law the following of Plaintiff's claims are not cognizable under § 1983 as indicated *supra*, the Court

ORDERS that they are DISMISSED with prejudice:   (1)

-38-

Plaintiff's claim for failure to give *Miranda* warnings; (2) Plaintiff's claims of false detention and false arrest under *Heck v. Humphrey*; (3) due process claims under the Fifth Amendment, because it applies to federal officials; (4) claims against Bryant in his official capacity because they are redundant of claims against the City of Freeport; (5) claims for punitive damages against the City of Freeport; (6) claims against Bryant individually under § 101.106 of the Texas Tort Claims Act; and (7) all claims against the Freeport Police Department.

The Court further

ORDERS that the remaining claims are DISMISSED without prejudice, but if Plaintiff is able to do so, Plaintiff is GRANTED LEAVE to file within twenty days of entry of this Opinion and Order an amended complaint to cure the inadequacies in the his pleading of the following claims: (1) claims against the City of Freeport for inadequate police training and supervision; (2) excessive force and battery and assault against both Defendants; (3) claims against the City under the Texas Tort Claims Act; and (4) facts and law negating Bryant's qualified immunity defense. Failure to comply will result in dismissal of this action.

Finally, this case was filed on June 14, 2012. Plaintiff has failed to identify the unknown police officers of the Freeport Police Department within 120 days of filing his complaint and to serve them in a timely fashion under Federal Rule of Civil

Procedure 4(m).   Nothing prevented him from seeking through discovery the names of these "John Doe" defendants.   Thus the Court

ORDERS that unless he can identify these unnamed Defendants in his amended complaint and serve them before he files it, these unnamed police officer Defendants are DISMISSED from this suit without prejudice.

**SIGNED** at Houston, Texas, this <u>16</u><sup>th</sup> day of <u> May </u>, 2013.

                        _____
                               MELINDA HARMON
                  UNITED STATES DISTRICT JUDGE